Filed 5/28/15  P. v. Meredyth CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067085 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN334072) |
| MICKEY MEREDYTH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Mickey Meredyth appeals from the judgment following his guilty plea.  Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436

(*Wende*). Meredyth has responded to our invitation to file a supplemental brief. After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2014, Meredyth was charged with one count of burglary (Pen. Code, § 459)[1] and one count of petty theft with three prior prison terms for theft offenses (§§ 484, 666, subd. (a)). According to the probation officer's report, Meredyth entered the rear emergency door of a Subway sandwich shop at 4:40 p.m. when an employee opened the door to take out the trash. Once inside the restaurant, Meredyth took an employee's purse from a locker and left with it. The purse contained $160 in cash.

On July 18, 2014, Meredyth pled guilty to the burglary count, and the People dismissed the balance of the charges. The plea agreement included a stipulation to a three-year sentence in local custody, with the final year to be served on mandatory supervision if Meredyth was found to be eligible and suitable. In the plea agreement form, Meredyth specifically gave up his right to appeal the stipulated sentence and the denial of a suppression motion.

At the November 6, 2014 sentencing hearing, the trial court explained that Meredyth was not eligible for local custody because of "a prior strike-related offense from Wisconsin." Accordingly, the People agreed to amend the plea agreement to

---

[1]     All further statutory references are to the Penal Code.

2

provide for a two-year sentence in state prison. On the record, Meredyth expressly agreed to the modification of the plea agreement to provide for a two-year term of imprisonment. The trial court sentenced Meredyth to two years in prison.

Meredyth filed a notice of appeal and a request for a certificate of probable cause. The trial court denied the request for the certificate of probable cause.

II

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as possible but not arguable issues: (1) whether Meredyth's guilty plea was knowing and voluntary in light of the modification of the plea agreement at the sentencing hearing; (2) whether the trial court erred in failing to sentence Meredyth in accordance with Proposition 47 (§§ 1170.18, 459.5); and (3) whether the guilty plea and sentence are invalid as a result of ineffective assistance of counsel.

After we received counsel's brief, we gave Meredyth an opportunity to file a supplemental brief. Meredyth responded with the argument that his case is covered by Proposition 47, and he thus should have been sentenced to a misdemeanor offense. As we will explain, because Meredyth did not obtain a certificate of probable cause from the trial court, Meredyth's challenge to his sentence based on the purported applicability of Proposition 47 is not within the scope of issues that Meredyth may raise in this appeal.

3

On November 4, 2014, two days before Meredyth was sentenced, "the voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act' . . . , which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) As relevant here, Proposition 47 enacted section 459.5, which provides that certain burglary offenses formerly punishable as felonies under section 459, would constitute misdemeanor "shoplifting" offenses, unless the defendant has certain qualifying prior convictions. (§ 459.5.) Specifically, after Proposition 47, a burglary constitutes misdemeanor shoplifting if the defendant "enter[s] a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) Proposition 47 also enacted section 1170.18, which provides that "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor" under the amended Penal Code provisions enacted by Proposition 47, including section 459.5, "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with" the punishment provided for in the amended Penal Code provisions. (§ 1170.18, subd. (a).) "If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

4

Proposition 47 had not been passed at the time Meredyth entered his guilty plea. Although Proposition 47 was in effect at the time of Meredyth' sentencing, Meredyth did not request to be sentenced to a misdemeanor. Indeed, at the sentencing hearing defense counsel and the prosecutor agreed that Proposition 47 did not apply to Meredyth's burglary. As the prosecutor explained, Meredyth did not commit misdemeanor shoplifting as described in section 459.5 because "this was not a commercial establishment that was open to the public when the offense occurred."[2]

Meredyth's appellate argument that he should have been sentenced to the misdemeanor offense of shoplifting is a challenge to the validity of the two-year sentence for felony burglary that he agreed to in the plea agreement. Only with a certificate of probable cause might Meredyth have been permitted to pursue an appeal challenging the imposition of the stipulated sentence for the offense of felony burglary. "A certificate of probable cause is not required if the issue on appeal arose *after the entry* of the plea and does not affect the *validity* of the plea." (*People v. Vargas* (2007) 148 Cal.App.4th 644, 651, italics added.) "[I]f the defendant agreed to a specific sentence as part of his plea agreement the sentence is an issue that arose before entry of the guilty plea, and in order to challenge that sentence on appeal, the defendant must obtain a certificate of probable cause." (*Id.* at p. 652.) Meredyth's argument that he should have been sentenced to a

---

[2]    As the issue is not properly before us, we express no view on whether the prosecutor accurately described the facts of the offense or properly interpreted section 459.5 in concluding that Proposition 47 did not apply to Meredyth's offense.

misdemeanor for the offense of shoplifting described in section 459.5 is accordingly not properly before us in this appeal.[3]

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel and by Meredyth has disclosed no reasonably arguable appellate issue. Meredyth has been adequately represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

HALLER, Acting P. J.

AARON, J.

---

[3] We note, however, that nothing in this opinion precludes Meredyth from filing a petition to recall his sentence under section 1170.18 to pursue his contention that he qualifies for relief under Proposition 47. A defendant has a presumptive period of three years from the date of enactment of Proposition 47 to file a petition to recall a sentence, and relief is available to qualifying defendants whose convictions were obtained through guilty pleas. (§ 1170.18, subds. (a), (j).) We express no opinion on the merits of any petition that Meredyth may choose to file.